**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DAOYONG SUN,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1775-G** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Daoyong Sun, a noncitizen proceeding through counsel,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Charles B. Goodwin referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Respondents filed a response and the time for Petitioner to reply has lapsed. Doc. 10. So the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner.

## I. Factual background and procedural history.[3]

Petitioner, a native and citizen of China, entered the United States without inspection on September 23, 2022. Doc. 1, at 1. Petitioner filed an I-589 Application for Asylum in October 2022. *Id*. Petitioner was later taken into ICE custody. *Id.*[4] Petitioner's removal proceedings are ongoing and he remains detained at the Cimarron Correctional Facility in Cushing, Oklahoma. *Id*. Ex. 1.

---

[3] Respondents have not provided any documentation of Petitioner's immigration history, such as the Notice to Appear (NTA), a form I-213, or any other documents detailing Petitioner's initial entry into the United States or the circumstances of his detention. *See* Doc. 10. The factual background accordingly reflects Petitioner's account, drawn from his verified filings.

[4] The undersigned notes that Petitioner has supplied two different dates for the day he was taken into custody. On pages 1 and 4 of the petition, Petitioner states he was taken into custody in March 2026. On page 6, Petitioner states he was detained on October 25, 2025. Removal proceedings against Petitioner were not docketed until March 19, 2026, making the former date more likely. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 15, 2026). Respondents did not submit any evidence on this point. The analysis remains the same regardless of which date is correct.

## II. Petitioner's claims.

Petitioner alleges three claims for relief: (1) violation of Petitioner's Fifth Amendment right to due process; (2) violation of the Immigration and Nationality Act, 8 U.S.C. § 1226; and (3) arbitrary and capricious agency action in violation of the Administrative Procedure Act, 5 U.S.C. § 706. Petitioner requests a declaration that his detention is unlawful; immediate release, or in the alternative an individualized bond hearing at which the government bears the burden of proof; and attorney's fees and costs.[5]

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

[5] Any application for fees must be filed within thirty days of final judgment, 28 U.S.C. § 2412(d)(1)(B), and the undersigned does not address that request at this time.

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Respondents concede that the matter is "controlled by" the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Doc. 10, at 1.

Based on Petitioner's verified account, the Department of Homeland Security paroled Petitioner into the United States and permitted him to reside in the interior of the country before he was re-detained. *See* Doc. 1. "Under those circumstances, Petitioner's detention is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Court should thus conclude that Petitioner's present detention "is governed by § 1226(a), not § 1225(b)[]." *Id.; cf. Santillan Quiroz*, 180 F.4th at 1240 ("Based on the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

### B. Petitioner is entitled to a bond hearing under § 1226(a).

Because Petitioner is detained under § 1226(a), the undersigned concludes that an individualized bond hearing is the appropriate remedy. "Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3; *see, e.g.*, *Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

According to Petitioner, the Government has not provided him with an individualized custody determination since his detention. Doc. 1; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3

(W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[6]

[6] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by clear and convincing evidence. Doc. 1, at 7-8. But this Court has previously declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. District Court*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims. *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, 2026 WL 2033144, at *2 n.2 (W.D. Okla. Jul. 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days or else release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order and promptly provide a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 26, 2026,[7] in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 16th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").